UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:
**FEDERAL VERIFICATION**              Case No. 8:15-bk-03742-KRM
**COMPANY, INC., SUCCESSOR BY**
**MERGER TO GSA 1000, LLC**

**Chapter 11**

         **Debtor.**

_____/

**ATTORNEY GENERAL'S EMERGENCY
MOTION FOR AN ORDER DECLARING THE
AUTOMATIC STAY UNDER 11 U.S.C. § 362 INAPPLICABLE TO
THE ATTORNEY GENERAL'S ACTION AGAINST THE DEBTOR,
OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

Office of the Attorney General, State of Florida, Department of Legal Affairs ("Attorney

General"), hereby moves this Court to enter an order declaring that the automatic stay under 11

U.S.C. § 362 is inapplicable to the Attorney General's action currently against Federal

Verification Company, Inc. (the "Debtor"), pending before the Sixth Judicial Circuit in Pinellas

County, with a case style *Office of the Attorney General, State of Florida, Department of Legal*

*Affairs v. Federal Verification Co., Inc., DBA GSA Application Services, et al; GSA 1000, LLC,*

*DBA GSA Preview; and James Dale Sprecher, an individual*, Case No. 14-CA-8205-CI-11 (the

"FDUTPA Action"), or in the alternative, to grant the Attorney General relief from the automatic

stay, and in support thereof states as follows:

**Jurisdiction**

1.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.  Venue is proper

under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as defined in 28 U.S.C. §

157(b)(2)(G).

**Background**

2.      On November 4, 2014, the Attorney General filed its Complaint for Injunctive

and Other Statutory Relief thereby initiating the FDUTPA Action.  A copy of the Complaint is

attached hereto as **Exhibit A**.

3.      Through the FDUTPA Action, the Attorney General brought claims against the

Debtor and James Dale Sprecher ("Sprecher"), the Debtor's president and owner, for deceptive

and unfair trade practices under Chapter 501, Section II of the Florida Statutes.

4.      On November 4, 2014, in the FDUTPA Action, the Attorney General also filed its

*Motion for Temporary Injunction With Notice and for Appointment of Receiver or, in the*

*Alternative, a Monitor to Report on Defendants' Operations* ("Motion for Injunction").

5.      An evidentiary hearing is currently scheduled to occur on the Motion for

Injunction on April 23, 2015.

6.      On April 9, 2015, in the FDUTPA Action, the Attorney General filed its *Motion*

*in Limine and Memorandum of Law*, which was scheduled for hearing on April 13, 2015, at

10:30 a.m.

7.      The Debtor filed its Chapter 11 petition on April 13, 2015, prior to the hearing on

the Attorney General's Motion in Limine.  At the hearing on the Motion in Limine, the Debtor's

state court counsel asserted that the automatic stay prevented the Attorney General from

proceeding with the FDUTPA Action against not only the Debtor, but also against Sprecher, the

Debtor's president.

**Relief Requested & Basis for Relief**

8.      Pursuant to 11 U.S.C. § 362(b)(4), the Attorney General respectfully requests that

this Court enter an order finding that the automatic stay is inapplicable to the FDUTPA Action,

or in the alternative, to enter an order pursuant to 11 U.S.C. § 362(d), granting the Attorney

General relief from the automatic stay to proceed with the FDUTPA Action against the Debtor.

9.      The Attorney General is the enforcing authority under Florida's Deceptive and

Unfair Trade Practices Act ("FDUTPA"), and any actions or proceedings against the Debtor by

the Attorney General are pursuant to its enforcement authority under FDUTPA.  The purpose of

the Attorney General's actions and proceedings, specifically including the FDUTPA Action, is to

further the public policy of protecting consumers from unfair and deceptive trade practices.

10.     Pursuant to 11 U.S.C. § 362(b)(4), filing a voluntary petition for relief under

Chapter 11, Title 11 of the Bankruptcy Code does not operate as a stay of the commencement or

continuation of an action or proceeding by a governmental unit "to enforce such governmental

unit's or organization's police and regulatory power, including the enforcement of a judgment

other than a money judgment, obtained in an action or proceeding by the governmental unit to

enforce such governmental unit's or organization's police or regulatory power."  11 U.S.C. §

362(b)(4).

11.     Bankruptcy courts have set a strong precedent that lawsuits filed by states alleging

violations of consumer protection statutes fall within the "police and regulatory power

exception" found in 11 U.S.C. § 362(b)(4).  *In re Guardia*, 522 B.R. 734, 735 (Bankr. S.D. Fla.

2014); *In re Dolen*, 265 B.R. 471, 480-81 (Bankr. M.D. Fla. 2001); *In re Steffy*, 494 B.R. 574,

585 (Bankr. N.D. Ga. 2012) (finding that the State of Arkansas' action to enforce consumer

protection laws and to protect its citizens fell within the exception of Section 362(b)(4); *In re*

*Nelson*, 240 B.R. 802, 805-07 (Bankr. D. Me. 1999) (holding that the State of Maine's lawsuit

against the debtor for violations of Maine's Unfair Trade Practices Act and the Consumer

Solicitations Sales Act was within the Section 362(b)(4)'s exception); *In re Ellis Crosby &*

*Associates, Inc.*, Case No. 3:05-bk-15194-GLP (Bankr. M.D. Fla. Feb. 6, 2006) (ordering that

the automatic stay was inapplicable to the Attorney General in pursuing a state court action

against the debtor for alleged violations of consumer protection laws).

12.     In *In re Guardia*, the Attorney General for the State of Florida moved for an order

declaring that the automatic stay did not apply to an action against the debtor for violations under

FDUTPA.  522 B.R. at 734.  More specifically, the Attorney General was seeking injunctive

relief to prevent the debtor and other defendants from future business activities, an award for

restitution, civil penalties and attorney's fees.  *Id*.  Judge Mark with the United States

Bankruptcy Court for the Southern District of Florida, held that "[t]he filing of the Complaint

against the [d]ebtor and its prosecution up to judgment and the filing of a claim in this

bankruptcy court all falls squarely within the Attorney General's police powers pursuant to

section 362(b)(4) and therefore not in violation of the automatic stay," and that "[t]he automatic

stay does not apply to the Attorney General filing the Complaint against the Debtor and

prosecuting it through judgment."  *Id.* at 736.

13.     In *In re Dolen*, the Federal Trade Commission ("Commission") filed a motion to

determine the applicability and scope of the automatic stay with respect to an enforcement action

by the Commission against the Chapter 13 debtor for consumer fraud.  The Court declined to

adopt the debtor's asserted scope of Section 362(b)(4) – that it only applied to governmental

units exercising control under the Chemical Weapons Convention.  *Dolen*, 265 B.R. at 480.

Rather, the Court held that "the FTC is a governmental unit or organization within the ambit of

the exception," and "Section 362(b)(4) provides an exception to the automatic stay for the

Commission in certain circumstances as defined in that section when the Commission is

exercising its regulatory functions."  *Id*.  The Court further noted that "[t]he case law is clear that

an action to enjoin illegal conduct and to obtain restitution for that conduct falls squarely within

the scope of the paragraph (b)(4) exception." *Id*. at 481 (citations omitted).  Therefore, the Court

held that the automatic stay does not preclude the Commission from prosecuting its action

against the debtor.  *Id*. at 481.  More specifically, the Court held that the Commission can take

the following actions:

> The Commission may engage in discovery, participate at trial to
> obtain an adjudication of its claims on the merits, and, if the debtor
> is found to have engaged in illegal conduct, determine and fix
> restitution damages for that conduct. Similarly, there can be no
> question that the automatic stay does not preclude the Commission
> from enforcing the conduct prohibition provisions of the
> preliminary injunction entered by the district court before the filing
> of the bankruptcy case.  Likewise, there can be no question that the
> automatic stay does not preclude the Commission from enforcing
> the preliminary injunction to the extent that it freezes and prohibits
> the debtor's dissipation of assets in existence before the filing of
> the bankruptcy case that are related to the alleged fraud.

*Id*.

14.     According to the *Dolen* Court, the legislative history of Section 362(b)(4) reflects

that "Congress intended this exception to apply to suits by governmental units 'to prevent or stop

violation of fraud, environmental protection, consumer protection, safety, or similar regulatory

laws.'" *Id*. (citing S.Rep. No. 989, 96th Cong., 2d Sess. 52, *reprinted in* 1978 U.S.C.C.A.N.

5787, 5838).  However, courts must "first determine, therefore, whether the action at issue

'relates to a matter of public safety and health or primarily to the protection of the government's

pecuniary interest in the debtor's property.'" *Id*. (citing *Berg v. Good Samaritan Hospital,* 198

B.R. 557, 561 (9th Cir. BAP 1996)).

15.     The Attorney General's FDUTPA Action is clearly a matter of public safety and

health, and not primarily for the protection of its interest in the Debtor's property.  The Attorney

General is pursuing an issue of public safety, health and welfare in its FDUTPA Action against

the Debtor, as the Debtor is alleged to have engaged in unfair and deceptive trade practices.

Proceeding with the FDUTPA Action would advance public policy and public welfare by

potentially enjoining the Debtor from further soliciting consumers in a manner that violates

Florida law, among other actions.  Additionally, the FDUTPA Action is attempting to bring in

restitution for consumers who were harmed by the Debtor.  The Attorney General is not pursuing

the matter for her own pecuniary interest or to adjudicate private rights.

16.     Therefore, the Debtor's filing of this Chapter 11 case should not stay the Attorney

General's FDUTPA Action due to the "police and regulatory power exception" set forth in 11

U.S.C. § 362(b)(4).  In the alternative, should this Court find that the automatic stay does apply

to the FDUTPA Action, the Attorney General respectfully requests that this Court lift the

automatic stay so the Attorney General can proceed with the FDUTPA Action.

17.     The Attorney General filed a *Certification of Necessity of Request for Emergency*

*Hearing* simultaneously to the filing of this Motion, as it is requesting a hearing on an

emergency basis for the following reasons:

    a.      a trial is scheduled to occur on April 23, 2015 at 9:30 a.m., in the

FDUTPA Action on the Attorney General's Motion for Injunction;

    b.      the Attorney General currently has out-of-state witnesses being flown into

Tampa, Florida to testify at trial;

    c.      numerous additional witnesses have been subpoenaed for trial on April 23,

2015;

    d.      the Attorney General had depositions scheduled to occur on April 14,

2015 and April 15, 2015, all of which have been cancelled because the Debtor asserts that

the automatic stay prevents the FDUTPA Action from going forward against not only the Debtor, but also against the Debtor's president, Sprecher, individually; and

e.      the Attorney General seeks to temporarily enjoin the Debtor and its president, Sprecher, from engaging in future business activities employing deceptive and unfair acts and practices; additionally, the Attorney General seeks to enjoin any such business activities conducted by any entity with which Sprecher is affiliated, or becomes affiliated.

WHEREFORE, the Attorney General respectfully requests that this Court enter an order (i) finding that the automatic stay does not apply to the Attorney General's FDUTPA Action against the Debtor, and that the Attorney General can proceed with said action; (ii) or in the alternative, granting the Attorney General relief from the automatic stay to proceed with the FDUTPA Action through judgment; and (iii) any further relief as this Court deems necessary and just.

DATED this 14th day of April, 2015.

Respectfully submitted,
PAMELA JO BONDI
ATTORNEY GENERAL

*/s/ Jennifer Hayes Pinder*
Jennifer Hayes Pinder
Assistant Attorney General
Florida Bar No. 17325
Julia A. Harris Sr. Assistant Attorney General
Florida Bar No. 884235
Office of the Attorney General
Department of Legal Affairs
3507 East Frontage Road, Suite 325
Tampa, Florida 33607
Phone: (813) 287-7950

Facsimile: (813) 281-5515
Email: jennifer.pinder@myfloridalegal.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2015, a true and correct copy of the foregoing was served by this Court's CM/ECF electronic noticing system to Michael C. Markham, counsel for the Debtor, at mikem@jpfirm.com, Nicole Peair on behalf of the U.S. Trustee, 501 E Polk Street, Suite 1200, Tampa, FL 33602, at Nicole.W.Peair@USdoj.gov, and to all others who requested service via this Court's CM/ECF electronic noticing system, and by U.S. Mail to Federal Verification Company, Inc., 3925 Tampa Road, Oldsmar, FL 34677.


*/s/ Jennifer Hayes Pinder*
Jennifer Hayes Pinder
Assistant Attorney General