UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Chapter 11

Federal Verification Co., Inc.,
successor by merger to                          Case no. 8:15-bk-03742-KRM
GSA 1000, LLC,

      Debtor.
_____/

**DEBTOR'S RESPONSE IN OPPOSITION TO
ATTORNEY GENERAL'S EMERGENCY MOTION FOR RELIEF
FROM STAY AND REQUEST FOR EXTENSION OF THE AUTOMATIC STAY**

      Debtor, Federal Verification Co., Inc., by its undersigned counsel, pursuant to Sections 105 and 362 of the Bankruptcy Code, hereby responds in opposition to the Attorney General's Emergency Motion for an Order Declaring the Automatic Stay Under 11 U.S.C. 362 Inapplicable to the Attorney General's Action Against the Debtor, or In the Alternative, For Relief From the Automatic Stay (Doc. 3 – the "Motion"), and requests an extension of the automatic stay, and states:

      1.    On April 13, 2015, the Debtor filed a voluntary petition under Chapter 11. The Debtor is in the business of processing applications for small and medium size businesses who primarily want to do business with the U.S. General Services Administration. The Debtor no longer solicits customers in any manner.

      2.    In November 2014, after a four-year investigation, tolling agreements and numerous meetings with the Debtor, the Attorney General ("AG") filed an action in Pinellas County Circuit Court alleging deceptive and unfair business practices by the Debtor in the solicitation of customers. The Debtor timely answered the complaint and denied all material allegations. No relief of any kind has yet to be entered against the Debtor. The Debtor has

steadfastly denied any wrongdoing over the years of the AG's investigation, and believes that many of the "complaints" against it have been levied by competitors. In fact, the Debtor has filed lawsuits against competitors for interfering with its business.

3. On April 9, 2015, the AG filed a motion in limine and notice of intent to offer statements in connection with an evidentiary hearing scheduled for April 23, 2015, and noticed such filings for hearing on April 13, 2015 (two business days later). The Debtor filed chapter 11 before the scheduled hearing on April 13, 2015. The AG's belated filings included various affidavits of consumers not previously provided to the Debtor or its counsel. Moreover, the AG's belated filings made it clear that the April 23, 2015 hearing would not be an "evidentiary" hearing from the AG's perspective, but instead a hearing premised on thousands of pages of documents and "affidavits." The AG's motion in limine acknowledges that it is "not feasible" to present 26 witnesses at the 5 ½ hour hearing scheduled for April 23, 2015.

4. At the April 13, 2015 hearing, the state court and the parties acknowledged that the automatic stay prevented the hearing from going forward with respect to the Debtor, but the parties disagreed on whether the automatic stay prevented the hearing from going forward as to the individual defendant, James Sprecher. Mr. Sprecher is the president of the Debtor and signed the petition in this case. In any event, on April 13, 2015, the state court did not consider the AG's motion in limine and notice of intent with respect to the Debtor and did not rule on the AG's motion in limine and notice of intent with respect to Mr. Sprecher, leaving the parties in doubt as to how the "evidentiary" hearing would go forward on April 23, 2015. Without question, the Debtor would be severely handicapped if required to defend itself at the April 23, 2015 hearing. The claims against Mr. Sprecher are identical to the claims against the Debtor. Any adjudication against Mr. Sprecher is tantamount to an adjudication against the Debtor.

5.  In its Motion, the AG asserts that the automatic stay does not apply to its lawsuit against the Debtor under the "police and regulatory power" exception in Section 362(b)(4) of the Bankruptcy Code. The AG made no such argument before the state court at the hearing on April 13, 2015 (and such argument was effectively waived).

6.  Moreover, and importantly, none of the cases cited in the AG's motion were chapter 11 cases, but instead involved chapter 7 or chapter 13 cases. Interestingly, Judge Corcoran's decision in *In re Dolen*, 265 B.R. 471 (Bankr. M.D. Fla. 2001) clearly draws a distinction between a chapter 7 liquidation and bankruptcy proceeding premised on reorganization.

7.  In its Motion, the AG acknowledges that its lawsuit against the Debtor "is attempting to bring in restitution for consumers" who were allegedly harmed by the Debtor. Motion at ¶15. Such a goal has little, if anything, to do with "police and regulatory power."

8.  Each of consumers who were allegedly harmed by the Debtor has been scheduled as a disputed creditor in this case. The bar date for filing claims has been established as July 27, 2015. At this time, not a single one of these consumers has an allowed claim in this case. It would be improper to permit the effective allowance of claims via the AG's lawsuit to purportedly enforce its police and regulatory power.

9.  Moreover, acceptance of the AG's position is tantamount to an automatic dismissal or conversion of this case that was filed only three days ago. This case was filed in good faith and with a sincere hope of reorganization and meaningful payment to creditors. The Debtor intends to promptly file a plan of reorganization that will include an immediate cash payment to consumers. A plan of reorganization in this chapter 11 case is the only way any restitution will be achieved for these consumers (without admitting to the merits of such claims).

10. Section 362(b)(4) speaks to enforcement of police and regulatory powers. In this case, the AG wishes to obtain injunctive relief enjoining the Debtor from soliciting future customers through the employment of deceptive and unfair acts and practices. Motion at ¶17.e. However, it is undisputed that the Debtor is no longer soliciting customers in any manner, much less in a deceptive or unfair manner. In this case, enforcement of police and regulatory power is moot and unnecessary. With no need for enforcement of police or regulatory power, the exception to the automatic stay in Section 362(b)(4) is not the real issue. The real issue is interference with the Debtor's prospects for reorganization and interference with the rights of *other* creditors. To be clear, the Debtor has no objection to this Court entering an order enjoining it from soliciting future customers as it has no intention of future solicitation. Accordingly, all that is left to accomplish in the AG's lawsuit against the Debtor is restitution for the benefit of only one subset of the Debtor's creditors. The Debtor has many other creditors, including a group of former employees with wage and hour claims. To permit the AG to move forward under the auspices of police and regulatory power would violate one of the most important concepts of bankruptcy and chapter 11 – equality of treatment of similarly situated creditors.

11. At this early stage of this chapter 11 case, there is simply no need for the relief requested by the AG. In fact, such relief is contrary to the very purposes of reorganization – restructuring debts, equality of treatment and maximizing returns to legitimate creditors. Under certain circumstances, this Court has the power and authority to extend the automatic stay to matters or persons who may not be directly protected by the automatic stay. This is one of those cases.

12. At this early stage of this chapter 11 case, the Debtor's president is critical to the Debtor's ability to comply with the requirements of the Bankruptcy Code and the Office of the United States Trustee, and equally critical to the Debtor's prospects for reorganization.

13. As noted by Judge Corcoran in *Dolen*, application of Section 362(b)(4) should balance the need of the governmental unit to enforce its police and regulatory power with the preservation of the estate's need for reorganization. As previously stated, there is no need for enforcement of police and regulatory power in this case, but there is a great need to preserve the Debtor's prospects for reorganization.

14. Under the facts of this case (not contained in the AG's unverified and unsupported Motion), the Court should deny relief from the automatic stay, and to the extent Section 362(b)(4) remains applicable, extend the automatic stay so the Debtor's chances for reorganization are preserved.

15. The Debtor believes that the parties would be better served using their time and efforts to reach a consensual resolution of the disputes rather than litigation with no real end game. The Debtor believes that mediation is a better approach than litigation.

Wherefore, the Debtor requests this Court enter an order denying the AG's Motion, and to the extent necessary, enter an order extending the automatic stay to protect the Debtor and its president, James Sprecher, and for such further relief as the Court deems appropriate.

    /s/ Michael C. Markham
Michael C. Markham
FBN: 0768560
Johnson, Pope, Bokor,
Ruppel & Burns, LLP
403 E. Madison St.
Tampa, FL 33602
(813) 225-2500
mikem@jpfirm.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served electronically on all registered CM/ECF users this 16th day of April, 2015.

       /s/ Michael C. Markham_____

2376723

# Mailing Information for Case 8:15-bk-03742-KRM

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael C Markham    mikem@jpfirm.com, minervag@jpfirm.com;angelinal@jpfirm.com;katherines@jpfirm.com;andrenaw@jpfirm.com
- Nicole Peair    Nicole.W.Peair@USdoj.gov
- Jennifer Pinder    Jennifer.pinder@myfloridalegal.com, zivile.rimkevicius@myfloridalegal.com
- United States Trustee - TPA    USTPRegion21.TP.ECF@USDOJ.GOV